(PC) Clifton v. Mckee, et al. Doc. 4

Case 1:07-cv-01228-OWW-NEW   Document 4   Filed 08/30/2007   Page 1 of 2

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CLIFTON,<br><br>                Plaintiff,<br><br>     v.<br><br>RUTH McKEE, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:07-cv-01228-OWW-NEW (DLB) PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 1) |

I.   Screening Order

Plaintiff Oscar Clifton ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 23, 2007. Plaintiff is seeking money damages arising out of the alleged violation of his constitutional rights in conjunction with his parole hearing.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090

1

1  (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff is challenging allegedly erroneous information contained in files and raised during his parole hearing concerning the crime for which he is serving a sentence, information which he contends caused him to be denied parole. Plaintiff may not at this time bring a civil rights action arising from these events. Plaintiff's sole remedy is to file a petition for writ of habeas corpus. Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:   August 30, 2007**               /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE